************
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ************
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant. *Page 2 
3. The carrier liable on the risk is correctly named above.
4. Plaintiff's average weekly wage is $480.00.
5. Plaintiff sustained an injury on or about October 21, 2004.
6. The injury arose out of and in the course of employment and is compensable.
 ************
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was twenty-four years old at the time of the hearing before the deputy commissioner. He attended community college but has never obtained a degree. He began working in construction after high school.
2. On October 21, 2004, plaintiff was working for defendant in residential construction when he was injured on the job. On that date plaintiff was working with six to seven co-workers erecting a 2x6 wall frame when the frame fell on him.
3. Plaintiff was transported via ambulance to New Hanover Regional Medical Center with possible loss of consciousness. He was admitted for observation and an orthopedic consult for multiple rib fractures and clavicle fracture. He was discharged from the hospital on October 23, 2004.
4. On October 26, 2004, plaintiff reported to Dr. David Esposito at Carolina Sports Medicine Specialists. Dr. Esposito treated plaintiff in the past for other conditions, but never for a shoulder injury. Dr. Esposito recommended that plaintiff continue pain medications prescribed by the emergency department and provided a new prescription for Ambien. *Page 3 
5. Dr. Esposito treated plaintiff with conservative. He has recommended surgical treatment in the form of open reduction internal fixation (ORIF) for the left shoulder, but plaintiff has not pursued this option.
6. On April 25, 2005, Dr. Esposito referred plaintiff to Dr. Weinstein for psychological evaluation. The referral was provided pursuant to plaintiff's mother's request. Dr. Esposito testified that he never noticed plaintiff to be depressed. Based upon plaintiff' mother's concern, Dr. Esposito recommended a psychological evaluation prior to surgical treatment; however, plaintiff chose not to pursue surgical intervention so the psychological evaluation was not necessary. He further testified that he would defer to Dr. Weinstein as to whether plaintiff's alleged depression is related to his work injury.
7. Plaintiff testified that he had never been evaluated by Dr. Weinstein prior to Dr. Esposito's referral. However, the records reveal that plaintiff was seen by Dr. Weinstein on two prior occasions: February 22, 2005 and March 21, 2005.
8. Plaintiff's mother contends that defendant agreed to pay for a psychological evaluation; however, the evidence of record is to the contrary. On February 22, 2005, plaintiff presented to Dr. Weinstein as a self-referral for other issues. Prior to the initial evaluation, plaintiff's mother contacted Dr. Weinstein indicating she was concerned that plaintiff was an alcoholic and that plaintiff's father was killed when he was drunk and walked in front of a car. Plaintiff reported a history of panic attacks during childhood associated with the loss of his grandfather, the tragic loss of his father in a car accident, and the recent loss of his maternal grandmother. Plaintiff also indicated that he was concerned he might have attention deficit disorder as he had difficulty focusing over the past couple of years. In addition, plaintiff reported a strained relationship with his sister who lives with plaintiff and his mother along with *Page 4 
her two children. Plaintiff also reported that he drank a twelve pack per party night about twice per week and that he gets drunk. Plaintiff also admitted that he smokes about 1/8 ounce of marijuana per week. Dr. Weinstein diagnosed plaintiff with attention deficit hyperactive disorder, acute situational reaction with anxiety and depression, alcohol and marijuana dependency. Dr. Weinstein evaluated plaintiff again on March 21, 2005 but did not change his diagnosis. Although plaintiff informed Dr. Weinstein of his work related injury, plaintiff nor Dr. Weinstein relate plaintiff's mental condition to his work injury, but rather to other factors in plaintiff's life. Dr. Weinstein did not testify in this matter.
9. On August 31, 2006 Dr. Esposito ordered an MRI and nerve conduction studies to check for any neurological causes for plaintiff's continued complaints of pain in his right shoulder. The studies were performed on September 29, 2006 and yielded normal results.
10. On October 10, 2006, Dr. Esposito recommended an arthroscopy of the right shoulder to clean out the scar tissue. Plaintiff testified that he is hesitant to proceed with surgical intervention.
11. Plaintiff has participated in physical therapy at Carolina Sports Medicine Physical Therapy in Wilmington, North Carolina and with Emily Sansbury in Asheville, North Carolina.
12. On April 4, 2006, Ms. Sansbury recommended that plaintiff receive psychological counseling. She testified that she was unaware that plaintiff had already been evaluated by Dr. Weinstein and diagnosed with attention deficit, hyperactive disorder, acute situational reaction and alcohol and marijuana dependency. She further testified that she would defer to plaintiff's medical doctors as to whether plaintiff would benefit from psychiatric care and whether any need for such care would be related to his work injury. *Page 5 
13. Plaintiff testified that he has had pain in his neck and his back since his work injury on October 21, 2004.
14. Plaintiff's pain in his right shoulder was diagnosed as a Grade 3 separation. Plaintiff's right shoulder symptoms are also a result of his compensable injury of October 21, 2004.
15. Plaintiff has not reached maximum medical improvement. It is recommended that the plaintiff continue with physical and massage therapy. Defendants have agreed per plaintiff's attorney in her contentions that they will pay for the massage therapy provided by Al Bailey.
16. Plaintiff has also received massage therapy from his sister, Ms. Andrea Ramsey. Said treatment is unauthorized and is not being paid by defendants.
17. Defendants have been paying temporary total disability compensation to plaintiff and are continuing said payments. Defendant accepted plaintiff's claim on a Form 63 filed on November 3, 2004.
 ************
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On October 21, 2004, plaintiff sustained an injury by accident. N.C. Gen. Stat. § 97-2(6).
2. Defendants are paying plaintiff TTD benefits and there is no dispute as to these payments. N.C. Gen. Stat. § 97-29.
3. Defendants are liable for medical treatment provided to plaintiff as a result of his October 21, 2004 injury by accident. N.C. Gen. Stat. § 97-25. *Page 6 
4. Plaintiff has failed to prove that his depression was caused or materially aggravated by his compensable work injury of October 21, 2004. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff has failed to prove that his neck and back symptoms are related to his compensable injury by accident of October 21, 2004. N.C. Gen. Stat. § 97-2(6).
 ************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for treatment of his depression is DENIED.
2. Plaintiff's claim for benefits relating to any neck or back pain is DENIED.
3. Defendants shall continue to provide medical treatment for plaintiff's injuries which are a result of his compensable injury of October 21, 2004. Said treatment includes massage therapy provided by Mr. Al Bailey, but does not include massage therapy provided by plaintiff's sister.
4. Plaintiff shall cooperate with any reasonable vocational rehabilitation requests made by defendants.
5. Defendants shall pay the costs, including an expert witness fee of $500.00 to Dr. David Esposito and $200.00 to Emily Sansbury.
This the 21st day of August, 2007.
S/________________________ BUCK LATTIMORE CHAIRMAN *Page 7 
CONCURRING:
 S/________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING IN PART AND DISSENTING IN PART:
 S/________________________ LAURA K. MAVRETIC COMMISSIONER *Page 8